UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMMA PATRICIA NAKAKUKI,

                      Petitioner,

        -v-

KRISTIAN BELLO,

                      Respondent.

19 Civ. 6160 (PAE) (BCM)

ORDER OF DISMISSAL

---

PAUL A. ENGELMAYER, United States District Judge:

        Petitioner Emma Patricia Nakakuki, a licensed attorney proceeding *pro se*, commenced this action on July 1, 2019, by filing a petition to vacate a $13,400 arbitration award issued against her by the Brooklyn Bar Association on March 23, 2019. Dkt. 1 ("Petition") ¶¶ 1, 30; *id*., Ex. B ("Award"). The Award arose out of a fee dispute between Nakakuki, who resides in Kansas, and her former client Kristian Bello, who resides in New York. Petition ¶¶ 5, 8. Invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332, Nakakuki alleged that the parties are diverse and that "the amount in controversy exceeds $75,000." *Id*. ¶ 10.

        On October 3, 2019, Bello filed an answer. Dkt. 12. On October 15, 2019, after conducting a telephonic initial case management conference, the Hon. Barbara Moses, United States Magistrate Judge, issued an Order to Show Cause directing Nakakuki to show cause in writing, no later than October 29, 2019, why this action should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Dkt. 15. On November 4, 2019, at Nakakuki's request, Judge Moses extended her deadline to November 29, 2019. Dkt. 20. On December 3, 2019, Nakakuki wrote to the Court that she had recently experienced health problems and that she was attempting to resolve this action through settlement, but did not

address the Court's subject matter jurisdiction over this case. Dkt. 22. On February 27, 2020, Judge Moses issued a second Order to Show Cause, reminding Nakakuki that "it is her burden to establish that this Court has subject matter jurisdiction," and to prosecute this case diligently, and directing petitioner to show cause in writing no later than March 19, 2020, "why this action should not be dismissed (1) pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and (2) pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." Dkt. 23.

On March 19, 2020, Nakakuki filed a letter reporting that she did not "have the resources or the skills to be able to present the legal issues properly in this case," and that she "would like to file a Notice of Voluntary Dismissal." Dkt. 24. On the same date, she filed a document entitled "Notice of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(i)," signed by her alone, purporting to "give notice that the above-captioned action is voluntarily dismissed, without prejudice against the Respondent." Dkt. 25.[1]

"[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Here, Nakakuki alleges that the Court has

---

[1] Because Bello had previously served an answer, Nakakuki's unilateral Notice of Dismissal was ineffective. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Absent a stipulation of the parties, *see* Fed. R. Civ. P. 41(a)(1)(A)(ii), this action may now be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(2).

diversity jurisdiction over the parties' dispute.[2]  "[D]iversity jurisdiction exists over civil actions (1) between 'citizens of different States' and (2) between 'citizens of a State and citizens or subjects of a foreign state,'" *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (quoting 28 U.S.C. § 1332), provided that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a).

The Second Circuit has not addressed explicitly the proper approach for determining the amount-in-controversy in proceedings to confirm or vacate arbitration awards.  *See Erdheim v. Harris*, No. 18 Civ. 8601 (LGS), 2019 WL 3219385, at *2 (S.D.N.Y. July 17, 2019).  Courts in this Circuit have adopted two approaches: They determine the amount in controversy by looking to either "the value of the relief requested in the complaint in the underlying arbitration" or "the value of the arbitration award."  *N. Am. Thought Combine*, 249 F. Supp. 2d at 285; *accord Erdheim*, 2019 WL 3219385, at *2 ("The 'demand' approach construes the amount a party *demanded* in the underlying arbitration as the amount in controversy. The 'award' approach instead construes the amount *awarded* as the amount in controversy." (emphasis in original)).

In this case, the Award itself states that the "total of the amount in dispute" was $18,900 in legal fees, of which Nakakuki was only entitled to $5,500, leaving $13,400 as the "amount to be refunded."  Award at 1.  As a result, under either the "demand" or the "award" approach, the amount in controversy is well below the jurisdictional threshold of $75,000.  Because this Court

---

[2] Nakakuki seeks to vacate the arbitration award pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq*.  Petition ¶¶ 2630.  As she implicitly recognizes, however, the FAA does not confer federal question jurisdiction upon this Court.  *See Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 140 (2d Cir. 2002) ("[T]he FAA creates a substantive body of law but does not, by itself, confer federal question subject matter jurisdiction to the district courts to entertain claims brought under the Act."); *N. Am. Thought Combine, Inc. v. Kelly*, 249 F. Supp. 2d 283, 285 (S.D.N.Y. 2003) ("There must be an independent basis for subject matter jurisdiction, such as diversity or the presence of a federal question.").

lacks subject matter jurisdiction, it has no choice but to dismiss this action, without prejudice, pursuant to Rule 12(h)(3).

The Clerk of Court is respectfully directed to close this case. Copies will be mailed by Chambers to Nakakuki.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 31, 2020
      New York, New York